NATIONAL ENAMELING & STAMPING CO. et al. v. NEW ENGLAND ENAMELING CO.

(Circuit Court of Appeals, Second Circuit. March 1, 1907.)

No. 261.

PATENTS—VALIDITY AND INFRINGEMENT—ENAMELING METAL WARE.

The Claus patent, No. 527,361, for an improvement in enameling metal ware, *held* void as to claims 1, 2, and 3, and not infringed as to claims 9, 10, 11, and 12.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Arthur v. Briesen (Louis Marshall, of counsel), for appellants.

R. N. Kenyon, Wm. Houston Kenyon, and Steinhardt & Goldman (Walter F. Rogers, of counsel), for appellee.

Before WALLACE and COXE, Circuit Judges, and HOLT, District Judge.

HOLT, District Judge. This is an appeal by the complainants from a portion of a decree of the Circuit Court rendered in a suit brought to restrain the alleged infringement of United States patent 527,361 dated October 9, 1894, granted to Hubert Claus for an·improvement in enam-

eling metal ware. The patent contains 13 claims. The court below held that claims 1, 2, and 3 were invalid, that claims 4, 5, 6, 7, and 8 were valid and infringed, and that claims, 9, 10, 11, and 12 were not infringed. Claim 13 was not involved in the suit.

The defendant formerly appealed from that portion of the decree which held that claims 4, 5, 6, 7, and 8 were valid and infringed, and on a former hearing in this court that portion of the decree was reversed, and a final decree was entered dismissing the bill. 151 Fed. 19. From the portion of the decree below which dismisses the bill of complaint as to claims 1, 2, 3, 9, 10, 11, and 12 the complainant now appeals, and the question upon this appeal is whether the decision of the court below holding that claims 1, 2, and 3 were invalid, and claims 9, 10, 11, and 12 were not infringed, was erroneous in any respect. The decision of this court on the former appeal that claims 4, 5, 6, and 7 were invalid necessarily establishes that claims 1, 2, and 3 are invalid. Claims 4, 5, 6, and 7 are in substance the same as claims 1, 2, and 3, except that the latter claims are more detailed. The decision of the court that the later claims were invalid necessarily established that the broader and more general earlier claims are also invalid.

Claims 9, 10, 11, and 12 are process claims. Claim 9 reads as follows:

"The process of enameling which consists in coating an article with an alkaline enamel and in applying thereto while still moist a metallic salt or salts, substantially as described."

Claims 10, 11, and 12 are substantially the same, except that, instead of the general term "a metallic salt or salts," is substituted, in claim 10, "sulphate of iron and sulphate of copper," in claim 11 "sulphate of iron," and in claim 12 "sulphate of copper."

The process particularly described in the specification for the application of the metallic salts to the enamel is as follows:

"The surface to be coated is cleaned and the alkaline enamel applied in a thin layer in any suitable manner. The metallic salts are now applied to the enamel coating by dusting or by sprinkling or the salts may be mixed with the enamel before it is applied to the surface to be coated."

It is apparent, however, from the entire patent that Claus preferred the process of applying the metallic salts by dusting or sprinkling them on the moist coat on the article after it was dipped, rather than by mixing it with the enamel before it is applied to the surface to be coated. The only claim in his German patent is for the process of applying the metallic salts by dusting or sprinkling. The court below held, in substance, that the defendants had never applied metallic salts by dusting or sprinkling, and that, if that was to be regarded as the invention, the defendants had never infringed. It also held that, if the claims were to be construed broadly enough to include the mixing of the metallic salts with the enamel before its application to the article to be enameled, the process was not novel.

We entirely concur in these views of the court below. The method of obtaining mottles in enameling ware by mixing metallic oxides in the dip was old, and well known in the art. It was described in the

Quimby and Whiting patent, and in the Niedringhaus patent. The fact that Claus in his tenth, eleventh, and twelfth claims specifies sulphate of iron and sulphate of copper, or one of them, as the metallic salts to be used, shows no invention. If a metallic salt of any kind was previously used, the substitution of another metallic salt which produced the same result would be the employment merely of an equivalent. If the claim, however, should be confined to the process of applying the salts by dusting and sprinkling upon the surface after the dip had been applied to the surface while still moist, even if such a method of applying the salts as distinct from the method of mixing them in the dip constituted an invention, it is enough to say, as was said by the court below, that the evidence establishes that the defendants have never used that process, and therefore have not infringed.

Our conclusion is that the portions of the decree appealed from in this appeal should be affirmed, with costs.